LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

RECEIVED

08 FEB -1 PM 5: 26

U.S. DISTRICT COURT
S.D.N.Y.

Attorneys for Plaintiff
GLORY WEALTH SHIPPING SERVICE LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GLORY WEALTH SHIPPING SERVICE LTD.,

**ECF CASE**

Plaintiff,

- against -

08 Civ.

FIVE OCEAN CORPORATION LTD.,

Defendant.
------------------------------------------------------------X

**VERIFIED COMPLAINT**

Plaintiff GLORY WEALTH SHIPPING SERVICE LTD. ("GLORY"), by its attorneys, Lyons & Flood, LLP, as and for its Verified Complaint against defendant, FIVE OCEAN CORPORATION LTD. ("FIVE OCEAN"), alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the action falls within the Court's subject matter jurisdiction pursuant to 28 USC §§ 1331 and 1333. Subject matter jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 USC § 201 *et seq.* and/or the Federal Arbitration Act, 9 USC § 1 *et seq.*

2. At all material times, plaintiff GLORY was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of

business at # 25-03 Suntec City Tower, Four-Singapore 038986 and is the disponent owner of the M/V TE HO ("the Vessel").

3. Upon information and belief, at all material times, defendant FIVE OCEAN was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of business at 7th Floor, Jeong-an Bldg., 57-10, Seosomun-Dong, Chung-Ku, Seoul, Korea 100-814, and was the charterer of the Vessel.

4. By a time charter dated January 8, 2008 (the "Charter Party"), defendant FIVE OCEAN chartered the Vessel from plaintiff GLORY for a period of time to run from January 11, 2008, until a minimum date of May 7, 2008, and a maximum date of June 6, 2008.

5. On or about January 11, 2008, plaintiff GLORY delivered the Vessel to the defendant FIVE OCEAN pursuant to the terms of the Charter Party.

6. Clause 31 of the Charter Party prohibits the Vessel from trading with Iraq or from sailing into the Arabian Gulf if general hostile action exists or is seriously threatened as defined by Lloyds of London.

7. Under the Charter Party, defendant FIVE OCEAN is required to pay plaintiff GLORY, hire payments of $82,000 per a day every 15 days.

8. On or about January 11, 2008, after the Vessel was under charter to them, defendant FIVE OCEAN sub-chartered the Vessel to Brave Bulk Transport Ltd ("BRAVE BULK").

9. On or about January 15, 2008, BRAVE BULK subsequently issued voyage instructions to the Vessel to load in the US Gulf Coast and proceed to a discharge port in Iraq.

10. Pursuant to the terms of the Charter between GLORY and FIVE OCEAN, plaintiff GLORY refused to allow the Vessel to proceed to an Iraqi discharge port.

11. On or about February 1, 2008, defendant FIVE OCEANS in response to GLORY'S refusal to allow the Vessel to discharge in Iraq, wrongfully, and in breach of the Charter Party, repudiated and terminated the Charter Party. GLORY, in turn have accepted FIVE OCEAN's notice as a repudiation of the Charter Party, resulting in a termination of said Charter.

12. On information and belief, defendant FIVE OCEAN has failed to pay the hire payments due and owing to plaintiff GLORY for the hire period covering January 26, 2008, until February 1, 2008, an amount of approximately $468,316.15, as nearly as now can be calculated.

13. Due to defendant FIVE OCEAN's wrongful repudiation of the Charter Party, plaintiff GLORY will have to re-charter the Vessel to a subsequent charterer at the current market rate of hire payments amounting to $45,000 per day, compared to the Charter Party hire payment rate of $82,000 per day, resulting in a loss of $37,000 in hire payment(s) per day.

14. On information and belief, based upon the calculated loss of $37,000 of hire payment (s) per day for the remainder of the charter period, a period of approximately 114 days, minus the associated expenses and commission costs, plaintiff GLORY will suffer a loss of hire payments amounting to approximately $4,060,000, as can now be calculated.

15. Pursuant to Clause 17 of the Charter Party, disputes between plaintiff GLORY and defendant FIVE OCEAN are subject to English law and London arbitration.

16. Therefore, this action is in aid of arbitration in accordance with 9 USC § 8.

17. Under English law, plaintiff would expect a London arbitration tribunal to award interest on the principal amounts awarded at a rate of approximately 7.5%. Plaintiff has therefore calculated interest on the sums set forth in paragraphs ¶¶ 14 and 15 of the Verified Complaint herein based on that interest rate.

18. Under English law, plaintiff would also expect a London arbitration tribunal to award the legal costs of arbitration against defendants. These legal costs would include plaintiff's London solicitors' legal fees, experts' fees, barristers' fees in relation to the arbitration hearing, costs associated with the arbitration hearing itself, and travel costs and expenses for witnesses attending the hearing.

19. The defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but upon information and belief, FIVE OCEANS has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees, which are believed to be due and owing to defendant FIVE OCEAN.

20. Plaintiff GLORY hereby demands:

   (a) Payment of $468,316.15 as security for past due hire payment(s) due and owing to plaintiff under the Charter Party;

   (b) Payment of $4,060,000.00 as security for the loss of the $37,000 per day in hire payments that Plaintiff would have received had Defendant fulfilled its obligations under the Charter Party;

   (c) Payment of $1,018,832.00 as security to cover interest on the

amounts in paragraph (a) and (b) above as recoverable under English law. Plaintiff reserves the right to amend the demand herein in the event the amounts in paragraphs (a) and (b) above shall increase over time; and

(d) Payment of $550,000.00 as security to cover the legal costs in connection with the London arbitration as recoverable under English law. Plaintiff reserves the right to amend the demand in the event the legal costs increase over time.

**Total $6,097,148.10**

WHEREFORE, plaintiff GLORY WEALTH SHIPPING SERVICE LTD., prays that:

a. process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against defendant citing it to appear and answer under oath all and singular the matters alleged;

b. since Defendant cannot be found within this District, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and the United States Arbitration Act, 9 USC §§ 1, 8 and 9, attaching all of the defendant's tangible or intangible property in this District or claimed by or being held for, belonging to, due or being transferred to, from, or for the benefit of defendant by any garnishees within this District, in the amount of $6,097,148.10 to secure plaintiff GLORY's claims, and that all persons claiming any interest in the same

be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged;

c. this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary;

d. judgment be entered by this Court in favor of plaintiff and against defendant enforcing and recognizing any London arbitration award(s) or judgment(s) that may be rendered on the claims set forth herein; and

e. plaintiff has such other, further, and different relief as this Court may deem just and proper.

Dated: February 1, 2008

                                            LYONS & FLOOD, LLP
                                            Attorneys for plaintiff
                                            GLORY WEALTH SHIPPING SERVICE LTD.

By: _____
     Edward P. Flood (EF-5797)
     Kirk M. Lyons (KL-1568)
     65 West 36th Street, 7th Floor
     New York, New York 10018
     (212) 594-2400

U:\kmhldocs\2618009\Pleadings\Verified Complaint.doc

## VERIFICATION

Edward P. Flood, the undersigned, an attorney admitted to practice in this Court, state that I am the attorney of record for plaintiff GLORY WEALTH SHIPPING LTD., in the within action; I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my knowledge based on documents in my file, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The reason this Verification is made by me and not an officer of plaintiff GLORY WEALTH SHIPPING SERVICE LTD., is because there are no officers now present in this District.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on: February 1, 2008

_____
Edward P. Flood

U:\kmh\docs\2618009\Pleadings\Verified Complaint.doc