NOURSE & BOWLES, LLP
Attorneys for Defendant
FIVE OCEAN CORPORATION LTD.
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GLORY WEALTH SHIPPING SERVICES LTD.,

        Plaintiff,

        - against -

FIVE OCEAN CORPORATION LTD.,

        Defendant.

------------------------------------------------------------X

08 Civ. 1102(VM)

**VERIFIED GENERAL APPEARANCE, ANSWER TO COMPLAINT AND COUNTERCLAIM**

Defendant, FIVE OCEAN CORPORATION LTD. (hereinafter referred to as "Defendant"), by its attorneys, NOURSE & BOWLES, LLP, appearing generally herein and as and for its Answer and Counterclaim to the Complaint of GLORY WEALTH SHIPPING SERVICES LTD. (hereinafter referred to as "Plaintiff") herein alleges on information and belief as follows:

### AS AND FOR DEFENDANT'S ANSWER

1.     Defendant admits that Plaintiff alleges a claim arising under the subject matter jurisdiction of this Court's admiralty and maritime jurisdiction under Rule 9(h) of

the Federal Rules of Civil Procedure and 28 U.S.C. §§ 1331, 1332 and from 9 U.S.C. §§ 1 et seq. and §§ 201 et seq.

Except as so admitted, it denies Plaintiff has a valid claim that invokes said jurisdiction.

2.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3.      Defendant admits it is a corporation organized and existing under the laws of Korea with an office and place of business at 7th Floor, Jeong-an Bldg., 57-10, Seoul, Korea 100-8114 and chartered the vessel M/V TE HO (the "Vessel") from Plaintiff.

4.      Defendant admits that on or about January 8, 2008 it entered into a charter party, as charterer with Plaintiff, as owner, for the vessel TE HO (the "Charter Party").

Except as so admitted, it denies the allegations contained in paragraph 4 of the Complaint

5.      It admits Plaintiff provided notice the Vessel was delivered on January 11, 2008 at about 10:33 hours but denies that Defendant received any services from the Vessel as Plaintiff wrongfully refused to follow Defendant's legitimate voyage orders.

Except as so admitted, Defendant denies the allegations contained in paragraph 5 of the Complaint.

6.      Plaintiff admits that the Charter Party contained a provision that the Vessel was not to be ordered to Arabian Gulf if general hostile actions exist or are seriously threatened as defined by Lloyds of London but it denies that any such conditions existed

or applied in the circumstances. It further denies that the charter prohibited the contemplated voyage of the Vessel to Iraq.

Except as so admitted, it denies the allegations contained in paragraph 6 of the Complaint.

7.     Defendant admits that the rate of hire was $82,000 per day, less any applicable deductions, under the Charter Party payable every 15 days.

Except as so admitted, Defendant denies the allegations contained in paragraph 7 of the Complaint.

8.     Defendant admits it, as disponent owner, subchartered the vessel to Brave Bulk Transport Ltd. (hereinafter "Subcharter Party" and "Brave Bulk") at a rate of $85,000 per day.

Except as so admitted, Defendant denies the allegations contained in paragraph 8 of the Complaint.

9.     It admits that instructions were given for the Vessel to load a grain cargo in the U.S. Gulf for discharge in Iraq.

Except as so admitted, Defendant denies the allegations contained in paragraph 9 of the Complaint.

10.    Defendant admits that, in breach of the Charter Party, Plaintiff refused to allow the Vessel to proceed to Iraq.

Except as so admitted, Defendant denies the allegations contained in paragraph 10 of the Complaint.

3

11. Defendant admits that Plaintiff, and not Defendant, repudiated the Charter Party by Plaintiff refusing to allow the Vessel to proceed to Iraq, as Defendant was permitted to do under the terms of the Charter Party.

Except as so admitted, Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. It denies that any hire was due for the said period as Plaintiff refused to follow Defendant's legitimate orders respecting the Vessel.

Except as so answered, it denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies that it repudiated the Charter Party and denies that the current market rate for the Vessel is only $45,000 per day, as alleged by Plaintiff, which greatly exaggerates, on the low side, the current state of the vessel charter market and greatly exaggerates the amount of Plaintiff's claimed damages and pre-judgment order of attachment of Plaintiff's property. Plaintiff has also failed to take into account payments and credits in its damage calculations.

Except as so answered, Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Plaintiff has greatly exaggerated, on the low side, the state of the vessel charter party market and thereby greatly exaggerated Plaintiff's claimed damages. Plaintiff has also failed to take into account payments and credits in its damage calculations.

Except as so answered, Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant admits that the Charter Party calls for arbitration of disputes in London and for application of English law.

16. Defendant denies Plaintiff has damages or a valid claim and hence that Plaintiff is entitled to attach Defendant's property pursuant to 9 U.S.C. § 8.

Except as so answered, Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant admits that a London arbitration tribunal might award interest to a prevailing party with a money judgment claim.

Except as so admitted, Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant admits that a London arbitration tribunal might award legal costs to a prevailing party.

Except as so answered, Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. By this General Appearance and Answer Defendant may be found within the District and any further attachments of Defendant's property should therefore be barred.

Except as so answered, Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies that Plaintiff is entitled to any of the amounts set forth in paragraph 20 of the Complaint.

### FIRST DEFENSE

21. Defendant generally denies the claim of Plaintiff, and denies it has any liability to Plaintiff, as alleged.

### SECOND DEFENSE

22. Plaintiff's Complaint fails to state a valid claim against Defendant upon which relief can be granted.

### THIRD DEFENSE

23. Defendant's actions in ordering the Vessel to Iraq were entirely legitimate under the terms of the Charter Party and Plaintiff repudiated the Charter Party by refusing to following these legitimate orders.

### FOURTH DEFENSE

24. Plaintiff's alleged damages fail to take into account payments made by Defendant and other credits.

### FIFTH DEFENSE

25. Plaintiff's alleged damages and request for attachment fails to take into account bunkers delivered to the vessel for which Plaintiff has had the use and benefit.

### SIXTH DEFENSE

26. Defendant asserts, by way of defense, the terms and conditions of the Charter Party.

## STAY OF ACTION

27. Plaintiff's claim against Defendant should be stayed pending arbitration.

## AS AND FOR DEFENDANT'S COUNTERCLAIM

28. Defendant repeats and realleges paragraphs 1-20 above as if set forth herein at length.

29. Defendant's counterclaim arises under the aforesaid Charter Party between it and Plaintiff and is an admiralty and maritime claim within this Court's admiralty and maritime jurisdiction and within Rule 9(h) of the Federal Rules of Civil Procedure.

30. Plaintiff without justification failed and refused to perform its obligations under the Charter Party and, in particular, failed to perform a voyage that was legitimate and fully permitted under the Charter Party and, in fact, Plaintiff repudiated the said Charter Party by its actions.

31. By reason of Plaintiff's repudiation and failure to perform the Charter Party, Defendant has suffered damages. This includes (1) damages in the amount of $1,840,900.94 consisting of prepaid charter hire paid by Defendant to Plaintiff for which no vessel services were rendered; (2) a loss of $270,000 in profits that Defendant would have earned under the Subcharter Party to Brave Bulk based on the difference in rates between the Charter Party and the Subcharter Party; (3) damages in the amount of $3,439,283.75 arising by virtue of claims by Brave Bulk against Defendant arising under the Subcharter Party, all for a total principal claim, as best as can presently be calculated, in the amount of $5,550,184.69.

32. Defendant's claim is subject to arbitration in London where legal and arbitral costs are routinely awarded to the prevailing party. Defendant claims costs in the amount of $550,000, the same amount sought by Plaintiff in paragraph 20(d) of its Complaint.

33. Interest is also routinely awarded in arbitration in London and Defendant claims compound interest at three month rests on the principal amount of its counterclaim of $5,550,184.69 at 7.5% per annum for three years, the same apparent basis as claimed by Plaintiff in paragraph 13 of its Complaint for interest in the amount of $1,385,972.01 on this basis.

34. Defendant's counterclaim against Plaintiff, with costs and interest, amounts to $7,486,156.70, as best as can presently be calculated.

35. Defendant's property has been attached by Plaintiff in this case and Defendant's counterclaims arise out of the same transaction as Plaintiff's claim. Defendant is therefore entitled under Rule E(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure to countersecurity for its counterclaim, including interest and costs.

WHEREFORE, Defendant prays:

(a) That Plaintiff's Complaint be dismissed with costs and its attachment of Defendant's assets vacated;

(b) That Plaintiff's claims and attachments of Defendant's property be vacated or reduced as they are greatly exaggerated;

(c) That Defendant have countersecurity for its counterclaims;

(d) That, by virtue of this General Appearance, Answer and Counterclaim all further attachments against Defendant's property be barred.

(e) That Defendant have discovery with respect to the amounts claimed by Plaintiff on which Plaintiff premises its attachments;

(f) That the matter be stayed pending arbitration; and

(g) That Defendant has such other and further relief as may be just and equitable.

Dated: New York, New York
      February 28, 2008

                                NOURSE & BOWLES, LLP
                                Attorneys for Defendant
                                FIVE OCEAN CORPORATION LTD.

                                By: _____
                                    Armand M. Pare, Jr.(AP-8575)
                                    One Exchange Plaza
                                    At 55 Broadway
                                    New York, NY  10006-3030
                                    (212) 952-6200

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF NEW YORK       )

ARMAND M. PARÉ, JR., being duly sworn, deposes and says:

I am a member of the firm of Nourse & Bowles, LLP, attorneys for defendant herein and I have read the foregoing Verified General Appearance, Answer to Complaint and Counterclaim and know the contents thereof and that the same are true to my own knowledge, except as to the matters herein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The source of my information is documents, records and other information submitted to me on behalf of the defendant.

This verification is made by me because defendant is a foreign corporation.

_____
ARMAND M. PARÉ, JR.

Sworn to before me this
28 day of February, 2008

_____
Notary Public

MARY T. BANNON
Notary Public, State of New York
No. 01BA4785995
Qualified in New York County
Commission Expires February 28, 2013

10