UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GLORY WEALTH SHIPPING SERVICES LTD., :
                                                              :
                            Plaintiff,              :
                                                              :    08 Civ. 1102(VM)
                    - against -                   :
                                                              :
FIVE OCEAN CORPORATION LTD.,          :
                                                              :
                            Defendant.            :
----------------------------------------------------------------X


REPLY MEMORANDUM


NOURSE & BOWLES, LLP
Attorneys for Defendant
FIVE OCEAN CORPORATION LTD.
One Exchange Plaza
At 55 Broadway
New York, NY  10006-3030
(212) 952-6200

**TABLE OF CONTENTS**

Introductory Statement...................................................................................................... 1

REPLY TO PLAINTIFF'S POINTS REGARDING PLAINTIFF'S CLAIMS............................ 2

    Frivolousness of Claims............................................................................................... 2

    Plaintiff's Counting of Days and Alleged Damage .................................................... 2

    Note Concerning Plaintiff's Burden to Showing Reasonable Grounds for Its Claim ............... 4

REPLY TO POINTS CONCERNING DEFENDANT'S COUNTERCLAIMS........................... 5

REPLY RESPECTING THE EFFECT OF A GENERAL APPEARANCE
AND ANSWER ....................................................................................................... 6

Conclusion ...................................................................................................................... 7

NOURSE & BOWLES, LLP
Attorneys for Defendant
FIVE OCEAN CORPORATION LTD.
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GLORY WEALTH SHIPPING SERVICES LTD.,   :
                                               :
                  Plaintiff,          :
                                    :   08 Civ. 1102(VM)
              - against -         :
                                    :
FIVE OCEAN CORPORATION LTD.,         :
                                    :
                  Defendant.     :
-----------------------------------------------------------------X

## REPLY MEMORANDUM

## Introductory Statement

       This Reply Memorandum is submitted on behalf of defendant, Five Ocean Corporation ("Defendant") in reply to answering papers submitted by plaintiff, Glory Wealth Shipping Services Ltd. ("Plaintiff") and in further support of Defendant's requests, in the alternative, for cash countersecurity, an order vacating or reducing Plaintiff's attachment and seeking discovery and an order barring further levies of attachment by Plaintiff since Defendant has now filed a General Answer and Appearance admitting the personal jurisdiction of the Court.

## REPLY TO PLAINTIFF'S POINTS
## REGARDING PLAINTIFF'S CLAIMS

**Frivolousness of Claims**

Plaintiff has not clarified its grounds for failing to proceed on the voyage to Iraq yet it criticizes Defendant for allegedly not offering sufficiently specific grounds for its position concerning why the vessel should have proceeded to Iraq.  Plaintiff offers two alternative theories.  First, it urges that it had an excuse under the trading limits in clause 31 of a 2005 referenced charter which was to apply under the fixture note (Exhibit "C" to Paré Affidavit of February 28) but with "LOGICAL AMENDMENTS".  Plaintiff apparently relies on the general exclusion for trading to Iraq but ignores the exception for this in clause 31 which specifically allows trading to Iraq for "U.N. proved" (i.e. U.N. approved cargo) which the cargo in question was.  Apparently thinking its position on this weak, as it clearly is, Plaintiff has offered the alternative and entirely different argument that it need not go to Iraq by reason of the following sentence in clause 31 of the referenced charter:

> The vessel is not be ordered to Arabian Gulf if general hostile actions exist or are seriously threatened *as defined by Lloyds of London*.
>
> (emphasis added)

Lloyds of London has *not* so defined trading to the region and hence this provision is equally unavailing.  It is Plaintiff's claim, and not Defendant's counterclaim, that appears frivolous.

**Plaintiff's Counting of Days and Alleged Damage**

Plaintiff continues to put days of the "voyage" in different categories to puff up its claim as high as possible.  Although Plaintiff acknowledges that it was advised to proceed to Iraq on January 11 and was given "formal" notice of this on January 15, Plaintiff pretends it was

proceeding on the voyage to the U.S. Gulf for Defendant under its instructions throughout

January and hence allegedly was "performing" the voyage for Defendant. It does this so it can

count these January days in its damages at $82,000 per day (the charter party rate), rather than

the fraction of this based on the difference between the charter rate and the market rate.

Although Plaintiff postures that it was "performing" the voyage to puff up its claim, it clearly

never intended to perform the voyage to Iraq and was sailing to the U.S. Gulf only because that

is the location where a grain vessel such as the TE HO has the highest possible charter market

value. In short, Plaintiff was positioning the Vessel for its own account and *not* "performing" the

voyage. Plaintiff's attachment should be restricted to the difference between the charter rate and

the market rate from January 11 to May 7 or 117 days. Further, credit must be given to

Defendant for hire and bunkers paid, including bunkers provided by Defendant's subcharter.

Plaintiff now concedes its Complaint and *continuing* attachment levies overstate the

amount of its damages. More specifically, it now admits it rechartered the vessel at the rate of

$53,500 per day plus an $800,000 ballast bonus (and not $45,000 per day as in its Complaint) for

a voyage which would take place from February 10 to as early as May 7, or some 87 days (see

Exhibit B to Zhang Lei declaration). This $800,000 ballast bonus, even if spread out over 100

days, amounts to an additional $8,000 per day bringing the total vessel "market" value,

according to Plaintiff, to $61,5000 per day ($53,5000 + $8,000). Daily damages for 117 days of

the original voyage from January 11 to May 7 (this period was in <u>Defendant's</u> option) would be

calculated as follows:

       $82,000
       <u>-61,500</u>
       $20,500 x 117 = $2,398,500

Again, to this $2,398,500 Defendant should be given credit for payments and bunker credits
which amount to:

| | |
|---|---|
| $1,840,900.94 | prepaid hire/bunkers |
| -  150,000.00 | subcharter bunkers |
| $1,990,900.94 | |

Plaintiff's net claim therefore cannot exceed $407,599.06 based on the following:

| | |
|---|---|
| $2,398,500.00 | maximum real damages |
| -1,990,900.94 | prepaid hire and bunkers |
| $ 407,599.06 | |

In contrast, based on its overstated damages, Plaintiff has attached $1,130,926.17 of Defendant's
assets. It is submitted that Plaintiff's attachments should be reduced to $407,599.06, if not
vacated for being overstated.

**Note Concerning Plaintiff's Burden to Showing Reasonable Grounds for Its Claim**

Plaintiff suggests that all it need do is allege a claim or damages and the Court must
accept this as true and allow an attachment in support of it. This is clearly not the case as
Plaintiff also concedes that attachments in aid of a "frivolous" claim are subject to vacation.
While it is acknowledged that some cases appear to hold that the alleging of a claim is sufficient
to withstand Rule E(4)(F) scrutiny, it s respectfully submitted that the sounder cases do not.
These include Ullises Shipping Corp. v. FAL Shipping Co., Ltd., 415 F. Supp. 2d 218 (S.D.N.Y.
2006); Wajilam Exports (Singapore) Pte. Ltd. v. ATL Shipping Limited & Sistina Shipping Ltd.,
475 F. Supp. 2d 275 (S.D.N.Y. 2007); Williamson, et al. v. Recovery Ltd. Partnership, et al.,
2007 U.S. Dist. LEXIS 4438 (S.D.N.Y. 2007); Compania Sudamericana de Vapores S.A. v.

4

Sinochem Tianjin Co., 2007 U.S. Dist. LEXIS 24737; 2007 AMC 1967 (S.D.N.Y. 2007);

Maersk, Inc. & A.P. Moller-Maersk A/S v. Neewra Inc., et al., 443 F. Supp. 2d 519 (S.D.N.Y.

2006). This line of cases seem particularly appropriate since ex parte prejudgment attachments

raise constitutional concerns. See generally North Georgia Finishing, Inc. v. DiChem, Inc., 419

U.S. 601, 95 S.Ct. 719 (1975). Cases that recognize this therefore hold, in the case of an alter

ego allegation, for example, that a plaintiff claiming a corporate connection sufficient to justify

an attachment "must present enough evidence to convince the court that there are *reasonable*

*grounds* for piercing the corporate veil." Ullises, supra, 415 F. Supp.2d at 323.

### REPLY TO POINTS CONCERNING
### DEFENDANT'S COUNTERCLAIMS

Plaintiff seeks to reduce the amount of Defendant's counterclaim. It asserts several

points.

First, it asserts that although it can seek "costs" of $550,000 because it may be the

prevailing party in a London arbitration, Defendant cannot seek these same costs even though

Defendant may also be the prevailing party in that arbitration and Defendant will have to both

defend Plaintiff's claim in arbitration and prosecute Defendant's counterclaim. This is frivolous.

Further, as the attached decision by Judge Chin shows in Fednav Int'l Ltd. v. Sunwoo Merchant

Marine Co., 067 Civ. 3886 (October 18, 2007), this is wrong.

Second, Plaintiff appears to assert that Defendant cannot have a claim for return of part or

all of the prepaid hire in the amount of $1,840,900.94 because Plaintiff's theory of calculating

damage must prevail. Again, this is frivolous for reasons previously outlined.

Plaintiff suggests that Defendant should not be entitled to "cash" countersecurity but

must be content with a "letter of undertaking" or some other security for its counterclaims.

Plaintiff has cash security from Defendant and continues to threaten its daily business by continuing attachments of its cash wire transfers. In the circumstances, it is only fair that Plaintiff be required to post *cash* security.

Plaintiff further alleges that Defendant's claim for indemnity is not ripe and no exceptional circumstances exist to allow attachment for this. This claim is based on a suit filed in the Court by Defendant's subcharter for Plaintiff's breach and attachment and garnishment is sought against Defendant in this suit as well as for the same transaction. The Complaint in that case is not currently available but attached to the brief is the order of attachment and docket sheet in that case. Defendant is therefore being "attached" from both ends because of Plaintiff's breach. These are special circumstances justifying attachments for their indemnity claim. See Navalmar (U.K.) Ltd. v. Welspun Gujaret Stahl Rohren, Ltd., 485 F. Supp.2d 399 (S.D.N.Y. 2007).

Finally, Plaintiff suggests that countersecurity should be limited to security already provided by Defendant and any additional amounts later provided. Defendant has already urged this as one alternative but leaves this to the discretion of the Court.

## REPLY RESPECTING THE EFFECT OF
## A GENERAL APPEARANCE AND ANSWER

Plaintiff urges that a 2005 amendment to Rule B, designed to incorporate two cases, overrules the cases we have cited in support of the proposition that the filing of a general appearance and answer bars future attachments. This is not so. The two cases cited by Plaintiff and cited in the notes to the 2005 amendments to Rule B are the 1998 and 1997 cases of Heidmar, Inc. v. Anomina Reavennate Di Armamento Sp.A. of Ravenna, 132 F.3d 264, 267-268 (5th Cir. 1998) and Navieros InterAmericanos, S.A. v. M/V Vasilia Express, 120 F.3d 304, 314-315 (1st Cir. 1997). As a reading of these cases will show, the point there is whether a defendant

6

has an *agency presence* in the district is determined at the time the Complaint is filed and not

when the attachment is sought. These cases do not address the effect of the filing of a *general*

*appearance* and what effect this has on *future* attachments. The cases cited in Defendant's main

brief specifically address the filing of a general appearance. This includes seven cases from this

Court including a 2004 decision by Judge Batts and a 2006 decision by Judge Kennan. As

shown therein, while there are two or three cases to the opposite effect which fail to address

cases to the contrary, the great majority of cases hold that the filing of a general appearance and

answer bars *future* attachments but has no effect on attachments levied *prior to* the filing of the

general appearance.

## Conclusion

It is respectfully submitted that Plaintiff's attachment should be vacated or restricted to

$407,599.06, that Defendant have cash countersecurity in an amount and continuing amounts as

seems fair to the Court and that Plaintiff be barred from levying further attachments.

Dated: New York, New York
       March 6, 2008

Respectfully submitted,

NOURSE & BOWLES, LLP
Attorneys for Defendant
FIVE OCEAN CORPORATION LTD.

By:_____

Armand M. Pare, Jr. (AP-8575)
One Exchange Plaza
At 55 Broadway
New York, NY  10006-3030
(212) 952-6201

*Attachment 1*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10|18|07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

FEDNAV INTERNATIONAL LTD.,              :

                    Plaintiff,          :

        - against -                     :          **MEMORANDUM DECISION**

SUNWOO MERCHANT MARINE CO. LTD.,        :          07 Civ. 3886 (DC)

                    Defendant.          :

- - - - - - - - - - - - - - - - - -x

**APPEARANCES:**      BLANK ROME LLP
                      Attorneys for Plaintiff
                          By: Jeremy J.O. Harwood, Esq.
                      The Chrysler Building
                      405 Lexington Avenue
                      New York, New York  10174

                      NOURSE & BOWLES, LLP
                      Attorneys for Defendant
                          By: Armand M. Pare, Jr., Esq.
                      One Exchange Plaza
                      New York, New York  10006

**CHIN, D.J.**

        Defendant Sunwoo Merchant Marine Co. Ltd. ("Sunwoo")
moves for security for its counterclaim in this maritime action
pursuant to Rule E(7) of the Supplemental Rules for Certain
Admiralty and Maritime Claims ("Supplemental Rules") of the
Federal Rules of Civil Procedure.  For the following reasons, the
motion is granted.

**BACKGROUND**

        In this dispute, plaintiff Fednav International Ltd.
("Fednav") alleges that Sunwoo breached a contract of charter
party.  The matter is subject to arbitration in London.  Fednav
brought this action seeking security for its claims in the London
arbitration.  On Fednav's _ex parte_ application pursuant to Rule B

of the Supplemental Rules, this Court entered an order
authorizing process of attachment and garnishment of up to
$1,605,367 against Sunwoo's property for Fednav's principal
claim, estimated lawyers and arbitrators' fees, and costs and
interest.  Sunwoo subsequently filed a counterclaim for
$92,289.35, asserting that Fednav repudiated and breached the
same contract.  Sunwoo now moves for security of $414,438.79 for
the counterclaim in the amount of $92,289.35, estimated interest
in the amount of $22,049.44, and estimated attorneys' fees and
arbitrators' costs in the amount of $300,000.  In support of the
attachment amount requested for the estimated attorneys' fees and
arbitrators' costs, Sunwoo submitted the Declaration of Deung
Rong Lee, its solicitor in the London arbitration.

### DISCUSSION

Rule E(7)(a) of the Supplemental Rules provides, in
relevant part, that

> [w]hen a person who has given security for
> damages in the original action asserts a
> counterclaim that arises from the transaction
> or occurrence that is the subject of the
> original action, a plaintiff for whose
> benefit the security has been given must give
> security for damages demanded in the
> counterclaim unless the court, for cause
> shown, directs otherwise.

A district court has "broad discretion in deciding whether to
order countersecurity."  Result Shipping v. Ferruzzi Trading USA,
56 F.3d 394, 399 (2d Cir. 1995).  "Inherent in the district
court's discretion in deciding whether to order countersecurity
is discretion to determine the amount of the countersecurity."
Clipper Shipping Lines Ltd. v. Global Transporte Oceanico S.A.,

- 2 -

No. 06-15299, 2007 WL 646329, at *1 (S.D.N.Y. Feb. 26, 2007). A
district court's exercise of discretion "will be governed by its
sense of fairness and equality." Id.

Fednav concedes that Sunwoo is entitled to
countersecurity for its counterclaim under Rule E(7); it argues,
however, that Sunwoo is not entitled to countersecurity for
attorneys' fees and arbitrators' costs because those costs will
not be incurred for proving its counterclaim, but instead for
defending against Fednav's claims. Fednav argues that $300,000
in fees and costs is not reasonable as the counterclaim seeks
only damages of $92,289.35. Sunwoo argues that to prevail on its
counterclaim it must successfully defeat Fednav's claim of
repudiatory breach and that all fees should therefore be
attributed to advancing its counterclaim.

The case law on this issue is limited. Ullises
Shipping Corp. v. Fall Shipping Co. Ltd., 415 F. Supp. 2d 318
(S.D.N.Y. 2006), cited by both parties, is the most relevant
case. In Ullises, the court granted countersecurity for
attorneys' fees only, absent a counterclaim for damages. In the
instant case Sunwoo has counterclaimed for damages and must
necessarily disprove plaintiff's claim of repudiatory breach to
prevail on that counterclaim. The fees sought are "inextricably
intertwined with the original transaction" that is the subject of
arbitration, id. at 329, and therefore attachment of Sunwoo's
total estimated attorneys' fees and arbitrators' costs is
appropriate.

**CONCLUSION**

For the reasons set forth above, Sunwoo's motion is granted and Fednav is ordered to post a bond or other satisfactory security in the sum of $414,438.79.

SO ORDERED.

Dated:    New York, New York
          October 18, 2007

DENNY CHIN
United States District Judge

- 4 -

*Attachment 2*

*Subject 5.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2-4-08
```

BRAVE BULK TRANSPORT LTD.,

                             Plaintiff,

    - against -

FIVE OCEAN CORPORATION,

                             Defendant

08 CV 1077 (S.)

ECF CASE

EX PARTE ORDER
FOR PROCESS
OF MARITIME
ATTACHMENT

--------------------X

WHEREAS, on February 1, 2008 Plaintiff, BRAVE BULK TRANSPORT LTD., filed a Verified Complaint, herein for damages amounting to $3,439,283.75 inclusive of interest, costs and reasonable attorney's fee, and praying for the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules and Civil Procedure; and

WHEREAS, the Process of Maritime Attachment and Garnishment would command that the United States Marshal, or other designated process server, attach any and all of the Defendants' property within the District of this Court; and

WHEREAS, the Court has reviewed the Verified Complaint and the Supporting Affidavit, and the conditions of Supplemental Admiralty Rule B appearing to exist:

NOW, upon motion of the Plaintiff, it is hereby:

ORDERED, that pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Clerk of the Court shall issue Process of Maritime Attachment and Garnishment against all tangible or intangible property, credits, letters of credit, bills of lading, effects, debts and monies, electronic funds transfers, freights, sub-freights, charter hire, sub-

MICROFILMED  FEB - 4 2008 -5:00 PM

charter hire or any other funds or property up to the amount of  to $ 3,439,283.75 belonging to, due or being transferred to, from or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named on whom a copy of the Process of Maritime Attachment and Garnishment may be served; and it is further

ORDERED that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

ORDERED that following initial service by the U.S. Marshal, or other designated process server, upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee; and it is further

ORDERED that service on any garnishee as described above is deemed to be effective and continuous service throughout the remainder of the day upon which service is made commencing from the time of such service; and such service is further deemed to be effective through the end of the next business day, provided that another service is made that day; and it is further

ORDERED that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means.

Dated: February ⟋, 2008                    SO ORDERED:

                                             U. S. D. J.

*Attachment 3*

ECF

# U.S. District Court
## United States District Court for the Southern District of New York (Foley Square)
### CIVIL DOCKET FOR CASE #: 1:08-cv-01077-JGK

| | |
|---|---|
| Brave Bulk Transport Ltd. v. Five Ocean Corporation | Date Filed: 02/01/2008 |
| Assigned to: Judge John G. Koeltl | Jury Demand: None |
| Demand: $3,000,000 | Nature of Suit: 120 Contract: Marine |
| Cause: 28:1333 Admiralty | Jurisdiction: Federal Question |

**Plaintiff**

**Brave Bulk Transport Ltd.**                   represented by **Nancy R. Peterson**
Lennon, Murphy & Lennon, LLC
The GrayBar Building
420 Lexington Avenue
Suite 300
New York, NY 10170
(212) 490-6050
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick F. Lennon**
Lennon, Murphy & Lennon, LLC
The GrayBar Building
420 Lexington Avenue
Suite 300
New York, NY 10170
(212) 490-6050
Fax: (212) 490-6070
Email: pfl@lenmur.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Five Ocean Corporation**

V.

**Garnishee**

**Societe Generale New York Branch**          represented by **Richard Joseph Reisert**
Clark, Atcheson & Reisert
7800 River Road
North Bergen, NJ 07047
201-537-1200
Fax: 201-537-1201

Email: reisert@navlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/01/2008 | 1 | COMPLAINT against Five Ocean Corporation. (Filing Fee $ 350.00, Receipt Number 640274)Document filed by Brave Bulk Transport Ltd.(laq) (Entered: 02/04/2008) |
| 02/01/2008 | | SUMMONS ISSUED as to Five Ocean Corporation. (laq) (Entered: 02/04/2008) |
| 02/01/2008 | 2 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Brave Bulk Transport Ltd.(laq) (Entered: 02/04/2008) |
| 02/01/2008 | | Magistrate Judge Douglas F. Eaton is so designated. (laq) (Entered: 02/04/2008) |
| 02/01/2008 | | Case Designated ECF. (laq) (Entered: 02/04/2008) |
| 02/04/2008 | | MARITIME ATTACHMENT AND GARNISHMENT ISSUED as to Five Ocean Corporation on 2/4/08 in the amount of $3,439,283.75. (cd) (Entered: 02/04/2008) |
| 02/04/2008 | 3 | EX PARTE ORDER FOR PROCESS OF MARITIME ATTACHMENT pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Clerk of Court shall issue Process of Maritime Attachment and Garnishment against all tangible or intangible property, credits, letters of credit, etc. or any other funds of property up to the amount of $3,439,283.75 belonging to, due or being transferred to, from or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendants name(s), or as may be held, received or transferred for its benefit at, moving though, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishee(s) to be named, or later identified, on whom a copy of the Process of Maritime Attachment and Garnishment may be served. Supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court. Pursuant to F.R.C.P. 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means. So Ordered. (Signed by Judge John G. Koeltl on 2/1/08) (jco) (Entered: 02/20/2008) |
| 02/04/2008 | 4 | ORDER APPOINTING SPECIAL PROCESS SERVER PURSUANT TO F.R.C.P. RULE 4(c) that Patrick F. Lennon, Kevin J. Lennon, Charles E. Murphy, Nancy Peterson, Coleen A. McEvoy or any other partner, associate, paralegal or agent of Lennon, Murphy & Lennon, LLC, or any process server employed by Gotham Process Servers, be and is hereby appointed, in addition to the United States Marshal, to serve the Process of Attachment and Garnishment and the Verified Complaint, together with any interrogatories, upon the garnishee(s), together with any other garnishees(s) who (based upon information developed subsequent hereto by the Plaintiff) may hold assets of, for or on account of, Defendant. (Signed by Judge John G. Koeltl on 2/1/08) (jco) (Entered: 02/20/2008) |
| 02/26/2008 | 5 | NOTICE OF APPEARANCE by Richard Joseph Reisert on behalf of Societe Generale New York Branch (Reisert, Richard) (Entered: 02/26/2008) |
| 02/26/2008 | 6 | ANSWER to Writ of Garnishment *Report of Garnishee Societe Generale New York Branch to Plaintiff's Maritime Attachment*. Document filed by Societe Generale New York Branch. (Reisert, Richard) (Entered: 02/26/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 03/06/2008 13:11:18 | | | |
| PACER Login: | nb0035 | Client Code: | te ho |
| Description: | Docket Report | Search Criteria: | 1:08-cv-01077-JGK |
| Billable Pages: | 2 | Cost: | 0.16 |