NOURSE & BOWLES, LLP
Attorneys for Defendants
FIVE OCEAN CORPORATION LTD.
One Exchange Plaza
At 55 Broadway
New York, NY  10006-3030
(212) 952-6200
jpare@nb-ny.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GLORY WEALTH SHIPPING SERVICES LTD.,    :

    Plaintiff,    :

    - against -    :    08 Civ. 1102(VM)

        :    **ECF CASE**

FIVE OCEAN CORPORATION LTD.,    :

        :    **AFFIDAVIT**

    Defendant.    :

-----------------------------------------------------------X

STATE OF NEW YORK    )
                         ) ss.:
COUNTY OF NEW YORK    )

    ARMAND M. PARÉ, JR., being duly sworn, deposes and states:

    1.    I am a member of the bar of this Honorable Court and a member of the firm of Nourse & Bowles, LLP, attorneys for defendant, Five Ocean Corporation Ltd. ("FOC"). I make this affidavit based on documents provided to me by FOC and its representatives and in support of FOC's motion for partial reconsideration and/or amendment to the Court's Decision and Order of August 1, 2008 in order to allow FOC countersecurity respecting a claim FOC has recently settled and paid and has asserted against plaintiff by counterclaim in this case.

    2.    Attached as Exhibit "1" is what has been described to me as the terms of the settlement between FOC and Brave Bulk Transport Limited ("BBT").

3. Attached as Exhibit "2" is what has been described to me as a confirmation of receipt of payment from FOC by BBT of the settlement.

4. Attached as Exhibit "3" is what has been described to me as a letter from BBT's solicitors to the BBT/FOC arbitration panel, advising that panel that the arbitration between these parties has been discontinued.

_____
ARMAND M. PARÉ, JR.

Sworn to before me this
13 day of August, 2008

_Mary T. Bannon_
Notary Public

MARY T. BANNON
Notary Public, State of New York
No. 01BA4785995
Qualified in New York County
Commission Expires February 28, 2010

# Exhibit 1

*Exhibit 1*

# AGREEMENT

This Agreement dated 27th June 2008 is between:

BRAVE BULK TRANSPORT LIMITED ("BBT")
    and
FIVE OCEAN CORPORATION ("Five Ocean")

**WHEREAS:**

(1) By a time trip charterparty dated on or about 10th January 2008 ("the Charter"), BBT as charterer chartered the vessel "TE HO" ("the Vessel") from Five Ocean as disponent owner for one time charter trip via the US Gulf to Iraq.

(2) Pursuant to the Charter, the Vessel was delivered to BBT by Five Ocean on 11th January 2008. BBT paid advance hire of US$1,275,000 to Five Ocean, plus US$616.44 for advance C/V/E. In addition, BBT paid a total of US$800,349.66 in respect of bunkers for the Vessel.

(3) The Charter was terminated on 30th January 2008. BBT claimed damages from Five Ocean in respect of the sums paid as advance hire and C/V/E, and for bunkers as aforesaid, plus an indemnity in respect of their potential liability to third parties. Five Ocean denied liability, and the matter was referred to arbitration ("the Reference") before a Tribunal consisting of Mr Michael Baker-Harber and Mr Alan Oakley ("the Tribunal").

(4) As partial security for BBT's claim, Five Ocean transferred a total of US$1,350,000 ("the DLA Funds") into the Client account of Messrs DLA Piper Hong Kong, who undertook to BBT to hold the same on trust for BBT and for Five Ocean and to remit the same in accordance with the directions of the Tribunal in a final award or the order of the Court on appeal therefrom, or alternatively the written instructions of both Five Ocean and BBT.

(5) On or about 16th May 2008 BBT obtained from the United States District Court for the Southern District of New York ("the New York Court") in action number 08 Civ 1077 (JGK) ("the Action") an order of Maritime Attachment together with Process of Maritime Attachment and Garnishment ("the Attachment") against Tranfos Corporation ("Tranfos") on the basis that Tranfos were Five Ocean's alter ego. A total of US$1,065,521.44 ("the Tranfos Funds") has been attached pursuant to the Attachment.



Te Ho Settlement - new2 - 27.6.08

2

**IT IS HEREBY AGREED (for good and mutual consideration, the sufficiency whereof the Parties hereto hereby acknowledge) AS FOLLOWS:**

1. In full and final settlement, inclusive of all interest and costs, of any and all claims, counterclaims, disputes and differences between BBT and Five Ocean arising out of or in connection with the Charter, the termination thereof and the subsequent legal proceedings, Five Ocean shall pay the sum of US$1,900,000 (One Million Nine Hundred Thousand United States Dollars) ("the Settlement Sum") to BBT, and BBT shall accept the Settlement Sum in full and final settlement as aforesaid provided that it is received in full into BBT's nominated account within 14 days of the date hereof as provided for in clause 2 below.

2. The Settlement Sum is to be received into a bank account ("the Nominated Account") to be nominated by BBT within 14 days of the date hereof.

3. For the avoidance of doubt, BBT's claim against Five Ocean shall not be settled unless and until the entirety of the Settlement Sum has been received into the Nominated Account, so that the same is incapable of being recalled or recovered by the payers thereof and / or their bank(s), within 14 days of the date hereof.

4. Within 5 days of date upon which the entirety of the Settlement Sum is received into the Nominated Account so that the same is incapable of being recalled or recovered by the payers thereof and / or their bank(s), BBT shall:

    (a) Inform the Tribunal that this matter has been settled and that Five Ocean and BBT have agreed that the Reference be discontinued accordingly with no order as to costs;

    (b) Instruct Messrs DLA Piper Hong Kong in writing to release the DLA Funds to Five Ocean's order; and

    (c) Instruct Lennon Murphy & Lennon LLP ("LML") to sign on behalf of BBT, and thereafter to file with the Court for endorsement, a stipulated order for endorsement by the New York Court in the Action ("the Stipulated Order") providing for the release of the Tranfos Funds to Tranfos's order, and thereafter to file a notice of dismissal of the Action with prejudice but without costs to either party PROVIDED ALWAYS:

        i. That Tranfos have in the meantime instructed New York attorneys;

        ii. That Tranfos's attorneys have in the meantime agreed with LML the form of the Stipulated Order so that it reflects the relevant provisions of this Agreement; and

        iii. That Tranfos's attorneys have in the meantime signed the Stipulated Order and passed the same to BBT's New York

*Te Ho Settlement - new2 - 27.6.08*

3

                attorneys for counter-signature and filing by LML in due course in accordance with BBT's instructions given pursuant to this Agreement.

5.     BBT shall bear and pay the fees of Mr Baker-Harber in the Reference. Five Ocean shall bear and pay the fees of Mr Oakley in the Reference.

6.     This Agreement is governed by English law, and any and all disputes arising out of or in connection with this Agreement shall be referred to arbitration before Mr Oakley, Mr Baker-Harber and a third arbitrator to be appointed by Mr Oakley and Mr Baker-Harber.

Signed: _____
for and on behalf of BBT

FIVE OCEAN CORPORATION

Signed: _____
Authorized signature
for and on behalf of Five Ocean
(Brian P. H. CHO)

*Te Ho Settlement - new2 - 27.6.08*

# Exhibit 2

*Exhibit 2*

## Mary

**From:** Samaritis Konstantinos [samaritis@brave.gr]
**Sent:** Thursday, July 03, 2008 4:47 AM
**To:** Five Ocean - Hayden
**Cc:** Damigou Sophia; Stockley David; Vetsikas Pantelis; Vafias Panos; Vafias Nikos
**Subject:** RE: "Te Ho"

Dear Sir,

Further to your message below, please be advised that the funds have been received into our account and we will now arrange with our lawyers to proceed as per our agreement.

Kind Regards,

**Konstantinos Samaritis**
**Legal Department**

**IMPORTANT:** This e-mail (including all attachments) is confidential and may be privileged. It may be read, copied and used only by the intended recipients, and must not be re-transmitted in an amended form without our consent. If you have received it in error, please contact us immediately by return e-mail or by telephone. Please then delete it and do not disclose its contents to any other person. Security and reliability of e-mail is not guaranteed. Advice should be verified from a mailed or faxed copy. We operate anti-virus programmes but you must take full responsibility for virus checking. All e-mails to anyone @brave.gr are communications to the firm and not private and confidential to any named individual.

**From:** Five Ocean - Hayden [mailto:ops@fiveocean.co.kr]
**Sent:** Thursday, July 03, 2008 11:03 AM
**To:** Samaritis Konstantinos
**Cc:** five ocean - ops
**Subject:** Re: "Te Ho"

TO: BBT/ MR KONSTANTINOS
FM: FIVE OCEAN CORP./ HAYDEN

RE: MV TE HO

Dear sirs,

further to our mesage, please kindly reply and let us know your telephone number including mobile, please?

B.RGDS/ Hayden

FIVE OCEAN CORP.
TEL: 82-2-3455-1402
MOBILE: 82-10-8965-5534
E-MAIL: ops@fiveocean.co.kr

"2"

# Exhibit 3

*Exhibit 3*

03-JUL-2008 14:43 FROM WINTER SCOTT    TO 0085228101345    P.01/01



# Winter Scott
## Solicitors

St Olave's House
Ironmonger Lane
London EC2V 8EY
Telephone: + 44 (0)20 7367 8989
Fax: + 44 (0)20 7726 2371
DX 42602 Cheapside
E-mail: firstinitialsurname@winterscott.co.uk

---

## FAX TRANSMISSION

| | |
|---|---|
| DATE: | 3rd July 2008 |
| TO: | 020 7351 1623 |
| | Michael Baker-Harber, Esq |
| TO: | 01279 771 968 |
| | Alan Oakley, Esq |
| COPY TO: | 00 852 2810 1345 |
| | DLA, Hong Kong |
| | Nick Mallard, Esq |
| FROM: | Tim Houghton |
| OUR REF: | TJH/nma/94/33 |
| NO. OF PAGES: | 1 |

CONFIDENTIALITY NOTICE: This facsimile is intended only for the addressee. It may contain privileged and/or confidential information. If you are not the intended recipient please inform us on the above telephone number immediately and do not disclose the contents or take copies.

Dear Sirs,

Re:  "TE HO" C/P dd 10.1.08
     Five Ocean Corporation as Disponent Owners
     Brave Bulk Transport Ltd as Charterers

We write to confirm that the Parties have agreed that this reference should be discontinued with no order as to costs, on terms that our Clients should bear and pay the fees of Mr Baker-Harber, and that DLA's Clients should bear and pay the fees of Mr Oakley. We should be very grateful if the panel could tender its invoices accordingly, and we thank the panel for its assistance in this matter.

Yours faithfully
WINTER SCOTT

---

Partners: Glenn Winter  Ken Scott  Michael Ellis  Damian Wilkes  Tim Houghton  James King  Graeme Lloyd
Associates: Richard Verney (not admitted)
Regulated by the Solicitors Regulation Authority

VAT No GB 819417416

"3"