UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GLORY WEALTH SHIPPING SERVICES LTD.,  :
                                                        :
               Plaintiff,                     :
                                                        :   08 Civ. 1102(VM)
            - against -                      :
                                                        :
FIVE OCEAN CORPORATION LTD.,          :
                                                        :
               Defendant.                :
-------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR PARTIAL RECONSIDERATION AND/OR
<u>AMENDMENT OF ORDER RESPECTING COUNTERSECURITY</u>**

NOURSE & BOWLES, LLP
Attorneys for Defendant
FIVE OCEAN CORPORATION LTD.
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200

NOURSE & BOWLES, LLP
Attorneys for Defendants
FIVE OCEAN CORPORATION LTD.
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200
jpare@nb-ny.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GLORY WEALTH SHIPPING SERVICES LTD.,      :
      Plaintiff,                                             :
                                          :      08 Civ. 1102(VM)
      - against -                                             :
                                          :      **ECF CASE**
FIVE OCEAN CORPORATION LTD.,               :
      Defendant.                                            :
-------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## FOR PARTIAL RECONSIDERATION AND/OR
## <u>AMENDMENT OF ORDER RESPECTING COUNTERSECURITY</u>

### INTRODUCTORY STATEMENT

Defendant, Five Ocean Corporation Ltd. ("FOC" or "Defendant"), in the alternative, seeks (1) reconsideration pursuant to Local Civil Rule 6.3 and/or (2) relief, pursuant to Federal Rules of Civil Procedure R. 52(b) and 59(e) and/or (3) relief, pursuant to FRCP R. 60(b)(2), (5) or (6) to amend a portion of the Court's Decision and Order dated August 1, 2008 and entered on August 4, 2008 (the "Order"), all with the object of allowing FOC countersecurity for a particular counterclaim it has recently settled and paid and hence is no longer contingent, as described in greater detail herein.

## SUMMARY OF RELEVANT FACTS

On or about February 1, 2008, plaintiff, Glory Wealth Shipping Services Ltd. ("Glory Wealth") filed a complaint seeking and obtaining an order of maritime attachment against FOC in aid of a London arbitration regarding disputes under a charter party between Glory Wealth and FOC. On or about February 28, 2008, defendant, FOC, moved for a reduction of the attachment so obtained and for countersecurity on certain counterclaims of its own against Glory Wealth arising out of the same charter party. Defendant's motion was granted in part and denied in part. One aspect of FOC's motion which was denied was a part of defendant's request for countersecurity respecting a claim which had, in turn, been asserted against FOC by Brave Bulk Transport Limited ("BBT"), FOC's subcharterer.

The underlying facts involve a chain of charters from Glory Wealth to FOC and then from FOC to BBT. BBT sought to have the vessel proceed to Iraq. Glory Wealth refused to allow the vessel to proceed to Iraq. Claims ensued up and down the charter chain. BBT asserted claims against FOC from these events which FOC, inter alia, asserted against Glory Wealth in FOC's counterclaim. At the time of the counterclaim and motion in Feburary, 2008, however, FOC had not paid BBT's claim. The Court, in its Order, denied that portion of FOC's request for countersecurity respecting the BBT claim on the grounds that it was merely a contingent indemnity claim because FOC had not paid it at the time FOC made its motion. Very recently, in the last several weeks, however, FOC has settled and paid BBT's claim in the amount of $1,900,000. In the circumstances, the BBT claim that FOC has asserted against Glory Wealth should now no longer be contingent. FOC, accordingly, seeks countersecurity for the amount it has now paid.

## ARGUMENT

There are several possible bases on which FOC may be entitled to seek the present relief and, with some of these, there is a time concern. Local Civil Rule 6.3 of the Local Rules for the Southern and Eastern Districts of New York provides an aggrieved party with the right to move for reconsideration or reargument of a court order determining a motion but this must be made within 10 days of entry of an order. Similarly, FRCP Rules 52(b) and 59(e) provide for an amendment to a court's findings sought by motion within 10 days of a "judgment." In the alternative, FRCP Rule 60(b)(2), (5) and/or (6) provide alternative possible bases for relief. Out of prudence, FOC seeks relief on all such bases, in the alternative, and does so within 10 days of the entry of the Order which was entered on August 4, 2008.

**Local Civil Rule 6.3**

Local Civil rule 6.3 provides, in relevant part:

> A notice of motion for reconsideration or reargument of a court order determining a motion shall be served within ten (10) days after the entry of the court's determination of the original motion, or in the case of a court order resulting in a judgment, within ten (10) days after the entry of the judgment. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked. . . .

It is respectfully submitted that under this provision, the Court should reconsider its Order denying FOC countersecurity with respect to BBT's claim inasmuch as, with FOC's recent payment of this claim in the amount of $1,900,000, that claim is no longer contingent as against Glory Wealth and hence there is no longer any reason why FOC should be denied countersecurity for that claim. See T&O Shipping Ltd. v. Lydia Mar Shipping Co. S.A., 2006 A.M.C. 361, 367 (S.D.N.Y. 2006) ("If T&O had paid claims and was in the process of actually seeking indemnity from Lydia Mar, the need for security would be clear").

**FRCP Rules 52(b) and 59(e)**

FRCP Rule 52(b) allows a party, by "motion filed no later than 10 days after entry of judgment" to seek an amendment to a court's findings or for the Court to make additional findings and to amend any judgment accordingly. The Rule specifically states that such a motion may be accompanied by a motion under FRCP Rule 59. FRCP Rule 59(e) allows a party to alter or amend a judgment within 10 days after the entry of judgment. As Professor Moore notes: "A motion to amend [under FRCP R. 52(b)] may be based on newly discovered evidence." Moore's Federal Practice 3d § 52.60[4][b]. See also Moore's Federal Practice 3d at § 59.30[5a][iii] to the same effect under Rule 59(e). As Professor Moore further notes, FRCP R. 59(e) "encompasses a wide variety of motions" of a substantive nature. Moore's Federal Practice 3d at § 59.30[2][b]. It is respectfully submitted that, since no judgment has been entered and 10 days have not elapsed since the entry of the Order, relief may be premised on these provisions. It is further respectfully submitted that because FOC has recently settled and paid BBT's claim in the amount of $1,900,000, FOC should now be entitled to countersecurity for this counterclaim against Glory Wealth.

**FRCP 60(b)**

Federal Rule 60(b) "enables a court to grant relief from a judgment in circumstances in which the need for truth outweighs the value of finality in litigation." Moore's Federal Practice 3d § 60.02[2]. Rule 60(b) provides, in relevant subparts:

> Rule 60. Relief from a Judgment or Order
>
> (b) Grounds for Relief from a Final Judgment, Order or Proceeding. On a motion and just terms, the court may relieve a party or its legal representative from a final judgment order or proceeding for the following reasons:
>
> \* \* \*

4

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> \* \* \*
>
> (5)…applying [the judgment] prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Under Rule 60(b)(2) a court may grant relief from a final judgment, order or proceeding if a party presents to the court newly discovered evidence which is material. Evidence of FOC's recent settlement and payment to BBT now materially changes the relevant facts by eliminating any contingency to this claim as stated against Glory Wealth.

Under Rule 60(b)(5) the court may reopen, modify or set aside a judgment or order on the ground that "applying it prospectively is no longer equitable." Relief under this section is warranted when there has been a significant change in circumstances. See Rufo v. Inmates of Suffolk Jail, 502 U.S. 367, 380-83, 112 S. Ct. 748, 116 L. Ed. 2d 867 (1992). This standard is viewed as a flexible standard which may be applied in all types of litigation. Here, there has been a significant change in circumstances inasmuch as FOC has now settled and paid the BBT claim by paying BBT the amount of $1,900,000. Hence, FOC should now be entitled to an amendment to the Order to allow countersecurity under this provision.

Under Rule 60(b)(6) a court may grant relief from a final judgment, order or proceeding, even though the case does not fit squarely in one of the other, more specific provisions of Rule 60(b), where there is any other reason that justifies relief. "This provision, which provides for relief from a judgment based on 'any other reason,' is a grand reservoir of equitable power to do justice in a particular case." Moore's Federal Practice 3d § 60.48[1]. The provision "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to

accomplish justice." Id. It is respectfully submitted that, if no other provision is deemed applicable, this provision provides a basis for now granting countersecurity to FOC respecting the BBT claim in the amount of $1,900,000.

## CONCLUSION

It is respectfully submitted that, for the foregoing reasons, FOC should now be entitled to countersecurity from Glory Wealth that includes the $1,900,000 paid to FOC together with interest and the Order should be amended accordingly. If so allowed, the total amount of countersecurity to which FOC should now be entitled, including countersecurity previously granted in the Order, should be as follows:

| | |
|---|---|
| $1,840,900.94 | Charter hire paid in advance |
| 270,000.00 | Loss of profit claim |
| 1,900,000.00 | BBT Settlement |
| $4,010,900.94 | Subtotal of the above |
| $4,913,353.65 | Subtotal of the above with 7.5% interest for 3 years of $902,452.71 added (as done by Plaintiff in paragraphs 17 and 20c of the Complaint) |
| 550,000.00 | Costs, the same as calculated by Plaintiff in paragraph 20d of the Complaint |
| $5,463,353.65 | FOC's counterclaim including BBT claim |

Dated: New York, New York
August 13, 2008

Respectfully submitted,

NOURSE & BOWLES, LLP
Attorneys for Defendant
FIVE OCEAN CORPORATION LTD.

By:_____
Armand M. Paré, Jr.(AP-8575)
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6201
jpare@nb-ny.com

6