DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _8-25-08_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
GLORY WEALTH SHIPPING SERVICE LTD.,   :
                                      :    08 Civ. 1102 (VM)
                    Plaintiff,        :
                                      :
     - against -                      :    **DECISION AND ORDER**
                                      :
FIVE OCEAN CORPORATION LTD.,          :
                                      :
                    Defendant.        :
------------------------------------X

**VICTOR MARRERO, United States District Judge.**

## I.  INTRODUCTION

By Decision and Order dated August 4, 2008 (the "Order")[1], the Court granted in part and denied in part the motion of defendant Five Ocean Corporation Ltd. ("Five Ocean") to: (1) bar Glory Wealth Corporation Ltd. ("Glory Wealth") from serving any further attachments under the terms of the Order of Attachment, dated February 5, 2008 (the "Attachment"); (2) vacate, or in the alternative, reduce the Attachment, and/or have discovery with respect to Glory Wealth's refixing of the M/V TE HO (the "Vessel") on an abbreviated scale; and/or (3) require Glory Wealth to post countersecurity. Five Ocean brought the instant motion seeking reconsideration and/or amendment of the portion of the Order that denied Five Ocean's request for

---

[1] The Decision and Order is reported as <u>Glory Wealth Servs. v. Five Ocean Corp.</u>, ___ F. Supp. 2d ___, No. 08 Civ 1102, 2008 WL 3166680 (S.D.N.Y. Aug. 4, 2008).

1

countersecurity with respect to a claim that Brave Bulk Transport Ltd. ("Brave Bulk") allegedly asserted against Five Ocean (the "Brave Bulk Claim"). For the reasons discussed below, Five Ocean's motion for reconsideration is GRANTED.

## II.  **STANDARD OF REVIEW**

Reconsideration of a previous order by the Court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litg., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citations and quotation marks omitted). "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). To these ends, a request for reconsideration under Local Rule 6.3 must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court

-2-

overlooked and that might reasonably be expected to alter the conclusion reached by the court.    See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Local Rule 6.3 is intended to "'ensure the finality of decisions and to prevent the practice of a losing party ... plugging the gaps of a lost motion with additional matters.'"    S.E.C. v. Ashbury Capital Partners, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting Carolco Pictures, Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)).    A court must narrowly construe and strictly apply Local Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent the Rule from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment.    See Montanile v. National Broad. Co., 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002); Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999).

## III.  DISCUSSION

Five Ocean urges reconsideration and/or amendment of the Order on the basis that new evidence is available concerning the Brave Bulk Claim.  Specifically, Five Ocean claims that it entered into a settlement agreement with Brave Bulk ("the "Settlement Agreement"), where Five Ocean agrees to pay $ 1.9 million (the "Settlement Amount") to Brave Bulk for any claims that Brave Bulk may assert against

-3-

Five Ocean relating to Brave Bulk's subcharter of the Vessel for a single voyage to Iraq. In the Order, the Court denied countersecurity with respect to the Brave Bulk Claim because the evidence on the record indicated that the claim was a contingent indemnity claim. Specifically, the Court noted that Brave Bulk filed a Notice of Voluntary Dismissal on February 11, 2008, dismissing the action it commenced against Five Ocean in this District. (See Brave Bulk, 08 Civ. 1077, Docket No. 13.) Five Ocean asserts that the Brave Bulk Claim is no longer contingent because it paid Brave Bulk the Settlement Amount in accordance with the Settlement Agreement, therefore, Five Ocean should be granted countersecurity with respect to the Brave Bulk Claim.

The Court is persuaded that the part of the Order that denied countersecurity with respect to the Brave Bulk Claim should be amended. The Court finds that granting Five Ocean's request for countersecurity is in keeping with the principles of Rule E(7)(a) ("Rule E(7)(a)") of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims ("Admiralty Rules"). See Rule E(7)(a); see also Fednav Intern. v. Sunwoo Merch. Marine Co., No. 07 Civ. 3886, 2007 WL 3051669, at *1 (S.D.N.Y. Oct. 18, 2007) ("'Inherent in the district court's discretion in deciding whether to order countersecurity is discretion to determine

-4-

the amount of the countersecurity .... A district court's
exercise of discretion 'will be governed by its sense of
fairness and equality.'") (quoting Clipper Shipping Lines v.
Global Transporte Oceanico, No. 06 Civ. 15299, 2007 WL
646329, at *1 (S.D.N.Y. Feb. 26, 2007).    Therefore the
amount of countersecurity granted pursuant to the Order
should be amended to include the Settlement Amount and any
interest calculated based on the same interest rate that
Glory Wealth used in its Verified Amended Complaint, dated
February 1, 2008.    Accordingly, Five Ocean's motion for
reconsideration with respect to countersecurity based on the
Brave Bulk Claim is GRANTED.

## IV.  ORDER

For the reasons stated above, it is hereby

**ORDERED** that motion of defendant Five Ocean Corporation
Ltd. for reconsideration (Docket No. 15) of the Court's
Decision and Order dated August 4, 2008 (the "Order") is
GRANTED, and it is further

**ORDERED** that the amount of countersecurity granted to Five Ocean pursuant to the Order be increased to include $ 1,9 million and interest calculated accordingly at the same interest rate as Glory Wealth used in its damage calculation in its Verified Amended Complaint, dated February 1, 2008.

**SO ORDERED:**

Dated:    New York, New York
          August 25, 2008

                                        VICTOR MARRERO
                                          U.S.D.J.